IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN J. PETERSON                      Case No. 6:14-cv-01024-MA

               Plaintiff,                      OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

            Defendant.

DREW L. JOHNSON
1700 Valley River Drive
Eugene, OR 97405

    Attorney for Plaintiff

JANICE E. HEBERT
Assistant United States Attorney
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

SARAH L. MARTIN
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221a
Seattle, WA 98104

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Kathleen J. Peterson seeks judicial review of the final decision of the Commissioner of Social Security that partially denied her applications for Disabled Widow's Benefits (DWB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-403, and Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I reverse and remand that portion of the Commissioner's decision denying benefits from March 24, 2008 through September 24, 2012, for an immediate calculation and award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff protectively filed applications for DWB and SSI on March 17, 2010, alleging disability beginning March 24, 2008[1], due to post-traumatic stress disorder, panic attacks, depression, intestinal problems, fibromyalgia, arthritis in her back, and arch problems creating leg pain. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). An ALJ held a hearing on August 23, 2012, at which plaintiff appeared with her attorney and testified. A vocational expert, Mark Mann, also

---

[1]Plaintiff amended her alleged onset date at the August 23, 2012 hearing.

appeared at the hearing and testified.  On October 15, 2012, the ALJ issued a partially favorable decision finding plaintiff disabled as of September 24, 2012, but not before that date.  The Appeals Council denied plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Plaintiff was born on March 24, 1958, and was 50 years old on her amended alleged onset of disability date, and 54 years old on the date of the ALJ's adverse decision.  Plaintiff has completed her GED and previously worked as a custodian in 1997.  Plaintiff has a very limited work history and has no earnings since 1997. Tr. 193.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520; 416.920. Each step is potentially dispositive.  The claimant bears the burden of proof at steps one through four.  *See Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

The ALJ concluded that plaintiff is the unmarried widow of a deceased insured worker and has attained the age of 50, and that plaintiff meets the non-disability requirements for disabled widow's benefits.  Plaintiff must establish that her disability began on or before October 31, 2012 in order to be entitled to DWB.

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments:   post-traumatic stress disorder (PTSD) with panic attacks, chronic pain secondary to degenerative disc disease of the thoracic spine, scoliosis, degenerative joint disease of the bilateral shoulders, restless leg syndrome, abdominal pain, hyperlipidemia, substance abuse, and depression.  At step three, the ALJ found that plaintiff's impairments, or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform a range of light work, except that plaintiff can perform tasks that involve about six hours of standing/walking, and about six hours of sitting in an eight-hour workday (with normal breaks); she is capable of frequent, but not continuous, exposure to industrial hazards or unprotected heights due to marijuana use, she remains able to use commonsense understanding to carry out detailed but uninvolved oral or written instructions, or deal with problems involving a few concrete variables in or from standardized

4 - OPINION AND ORDER

situations, and she is able to work with things rather than people or data.

At step four, the ALJ found that plaintiff has no past relevant work. The ALJ found that prior to plaintiff's disability onset date, she was an individual closely approaching advanced age, and that applying the age categories non-mechanically, as of September 24, 2012, plaintiff's age category changed to an individual of advanced age. At Step Five, the ALJ concluded that prior to the date plaintiff's age category changed, considering plaintiff's age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that plaintiff could perform, such as cleaner/housekeeper, small parts assembler, and warehouse worker. However, beginning the date plaintiff's age category changed, there are no jobs that exist in significant numbers in the national economy that plaintiff can perform, and therefore, she has been under a disability under the Social Security Act from September 24, 2012, through the date of the decision.

## ISSUES ON REVIEW

On appeal to this court, plaintiff contends the following errors were committed: (1) the ALJ failed to properly evaluate the medical evidence of treating physician Shelly Spiller, D.O.; (2) the ALJ failed to properly evaluate plaintiff's testimony; (3) the ALJ failed to incorporate all the limitations identified by

examining physician Gale Smolen, M.D.; (4) the ALJ failed to properly evaluate the lay testimony of plaintiff's daughter-in-law Sara Bagg and neighbor Brenda Lee Pope; and (5) the ALJ erred at Step Five. Because plaintiff's challenges to the ALJ's evaluation of Dr. Spiller's opinions and plaintiff's credibility are dispositive, the court declines to address plaintiff's remaining arguments as moot.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.    42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).    The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation.    *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).    If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of

the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

**I.   Medical Evidence**

   **A.   Standards**

   In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn,* 495 F.3d at 631 (internal quotations omitted)(alterations in original); 20 C.F.R. § 416.927(c). To reject the uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

   If the treating physician's opinion is contradicted, the ALJ must consider how much weight it is entitled to considering the factors in 20 C.F.R. § 416.927(c)(2-6). The factors include the length of the treatment relationship, the frequency of examination, the nature and supportability of the opinion, and its consistency

with other evidence in the record as a whole.    20 C.F.R. §
416.927(d)(2-6); *Ghanim*, 763 F.3d at 1161.

If a treating or examining doctor's opinion is contradicted by
another doctor's opinion, it may be rejected by specific and
legitimate reasons.    *Taylor v. Commissioner Soc. Sec. Admin.*, 659
F.3d 1228, 1232 (9th Cir. 2011).    "An ALJ errs when he rejects a
medical opinion or assigns it little weight while doing nothing
more than ignoring it, asserting without explanation that another
medical opinion is more persuasive, or criticizing it with
boilerplate language that fails to offer a substantive basis for
his conclusion."    *Garrison*, 759 F.3d at 1013.    Because Dr.
Spiller's opinions were contradicted by the agency reviewing
physicians, the ALJ was required to provide specific and legitimate
reasons backed by substantial evidence to discount them.    *See*
*Garrison*, 759 F.3d at 1012.

### B.    Analysis – Dr. Spiller

Plaintiff contends that the ALJ erred by failing to discuss
and properly weigh the opinions of her treating physician, Shelly
Spiller, D.O.    Dr. Spiller was plaintiff's treating physician from
2008 through 2012.    Plaintiff argues the ALJ ignored four separate
opinions indicating that plaintiff is disabled.    Plaintiff is
correct.

In the decision, the ALJ discussed some of Dr. Spiller's
treatment notes from 2008 to 2010.    For example, the ALJ noted that

Dr. Spiller's treatment notes reflect that in 2008, plaintiff complained of ongoing abdominal pain, beginning three years earlier, and that plaintiff's shoulder arthritis and bursitis were aggravated by plaintiff's care of her elderly mother. Tr. 299. The ALJ observed that Dr. Spiller's treatment notes showed no objective findings to support plaintiff's persistent abdominal pain. The ALJ discussed that plaintiff was using medical marijuana and prescription opioids, including Dilaudid and Methadone for pain. As the ALJ correctly indicated, imaging of plaintiff's spine indicated "mild" degenerative changes and scoliosis in her thoracic region. Tr. 367. The ALJ also noted that plaintiff was a passenger in a motor vehicle accident in April 2010 which increased her neck, back and chest pain, and that plaintiff gradually improved. Tr. 529.

Concerning plaintiff's mental health, the ALJ noted that plaintiff experienced marked grief when her mother passed away in 2008, and that despite plaintiff's depressed affect, she interacted appropriately and denied suicidal ideation. The ALJ discussed that plaintiff's situational stressors, such as financial and housing difficulties affected plaintiff through 2008, but that Dr. Spiller's treatment notes showed improvement with medication.

Yet, as plaintiff correctly highlights, the ALJ failed to discuss several probative pieces of Dr. Spiller's opinions, including: (1) a June 18, 2008 affordable housing authorization in

which Dr. Spiller indicated that plaintiff was disabled, and that plaintiff "physically & mentally suffers severely and is not able to work or hold steady employment;" (2) an April 4, 2010 treatment note in which Dr. Spiller indicates support for plaintiff's disability application "as she lives in chronic pain that is exacerbated by activities of daily living;" (3) a January 26, 2011 housing form in which Dr. Spiller indicated that plaintiff is disabled as defined in the Social Security Act; and (4) a June 26, 2012 treatment note indicating that plaintiff suffers from "arthritic pain, abdominal pain and has anxiety and PTSD" and that plaintiff is unable to perform a "regular job," including custodial work.  Tr. 286, 510, 511, 516.  Moreover, the ALJ failed to discuss Dr. Spiller's treatment notes from 2011-2012 showing that plaintiff continues to suffer from chronic pain and bouts of PTSD and anxiety that are not fully controlled with medication.  Tr. 416-18.  Thus, the ALJ's limited discussion of Dr. Spiller's treatment notes is not fully supported by substantial evidence.

The ALJ's silent rejection of the treating physician's opinion that plaintiff is disabled clearly is error.  *See Marsh v. Colvin* No. 12-17014, ___ F.3d ___, 2015 WL 4153858, *2 (9th Cir. July 10, 2015)(finding ALJ erred by failing to provide any reasons for discounting treating physician's opinion and progress notes); *accord Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion ... he errs.").  Additionally,

the ALJ's failure to articulate specific and legitimate reasons for implicitly discounting Dr. Spiller's opinions in favor of the non-examining agency physicians' opinions is error. *Hill*, 698 F.3d at 1160.

The Commissioner contends that any error by the ALJ is harmless because Dr. Spiller's opinion that plaintiff is disabled is an ultimate issue reserved to the Commissioner, and because Dr. Spiller's notes fail to describe specific functional limitations that the ALJ was required to consider. *See, e.g.*, 20 C.F.R. § 416.927(d)(1)("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); *Treichler v. Commissioner of Social Security Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)(noting an error may be harmless if it is "inconsequential to the ultimate nondisability determination" or if "the agency's path may be reasonably discerned, even if the agency explains its decision with less than ideal clarity"). I disagree.

The Commissioner correctly maintains that whether a claimant is "disabled" under the Act is a determination reserved to the Commissioner. Thus, Dr. Spiller's check-the-box opinion that plaintiff satisfies the criteria for disability under the Act is beyond the treating physician's expertise. Tr. 511-12.

However, in this case, Dr. Spiller's opinions contained far greater detail that required the ALJ's analysis. Here, Dr. Spiller

11 - OPINION AND ORDER

opined that plaintiff suffered from chronic pain, exacerbated by activity, and that her arthritis, anxiety, and PTSD prevented her from returning to her past work - an opinion based upon a medical assessment of a longstanding patient.    *Hill*, 698 F.3d at 1160; *Rayford v. Colvin*, Case No. 13-cv-05839-JCS, 2015 WL 1534119, *5 (N.D. Cal. Apr. 1, 2015)(remanding for further proceedings where ALJ failed to discuss treating physician opinion).    Therefore, I reject the Commissioner's first contention that the ALJ's failure to weigh Dr. Spiller's opinions was harmless.

The Commissioner's second argument similarly fails.    As the Ninth Circuit has recently made clear, where an ALJ fails to articulate his or her reasoning, a reviewing court is unable to meaningfully review the Commissioner's rationale without engaging in speculation.    *Marsh*, 2015 WL 4153858 at *2; *see Brown-Hunter v. Colvin*, No. 13-15213, ___ F.3d ___, 2015 WL 4620123, *5-6 (9th Cir. Aug. 4, 2015)(concluding that where ALJ committed legal error by failing to connect adverse credibility determination with specific reasons, error could not be harmless).    "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."    *Brown-Hunter*, 2015 F.3d at *7.

Here, rather than providing specific reasons for discounting Dr. Spiller's opinions in favor of the non-examining agency

physicians, the ALJ simply ignored Dr. Spiller's opinions. Consequently, I cannot reasonably discern the ALJ's rationale for rejecting Dr. Spiller's April 2010 opinion that plaintiff lives in chronic pain exacerbated by activity or the June 2012 opinion that plaintiff suffers from arthritic pain, abdominal pain, anxiety and PTSD that prevents plaintiff from holding down a regular job. Tr. 516. This court may not speculate about the ALJ's reasons, or substitute its own conclusion. *Marsh*, 2015 WL 4153858, *2 (a district court may not find harmless error by "affirm[ing] the agency on a ground not invoked by the ALJ"). The court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Accordingly, I conclude that the ALJ's failure to identify *any* specific and legitimate reasons for discounting Dr. Spiller's opinions was not harmless. *Marsh*, 2015 WL 4153858 at *2; *see also Camarena v. Colvin*, No. EDCV 14-1672-MAN, 2015 WL 4512269, *4 (July 24, 2015)(ALJ erred by failing to discuss treating physician's opinions of claimant's functional limitations).

In short, I conclude the ALJ erred in evaluating and weighing Dr. Spiller's opinions, and the ALJ's implicit rejection of the treating physician's opinion is not supported by substantial evidence; the error is not harmless.

////

////

13 - OPINION AND ORDER

## II.  **Plaintiff's Credibility**

### A.  **Standards**

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis.  20 C.F.R. §§ 404.1529, 416.929.  The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged.  *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  At the second stage of the credibility analysis, absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Commissioner Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony.  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Tommasetti*, 533 F.3d at 1039. Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects

of any pain medication, and relevant character evidence.  *Ghanim*,
763 F.3d at 1163; *Tommasetti*, 533 F.3d at 1039.

### B.   Analysis

At the hearing, plaintiff testified that in 2005, her husband
died, and that due to depression, she could no longer work.
Plaintiff testified that she has arthritis in her thoracic back and
suffers from arthritis, tendonitis, and bursitis in her left
shoulder.  Plaintiff also has intestinal difficulties with chronic
pain, but has declined further testing because she suffered a
violent attack in 1996 in which she was raped rectally.  Plaintiff
testified that she has high cholesterol, high blood pressure, and
restless leg syndrome for which she takes medication.  Plaintiff
further testified that she takes Dilaudid for pain, in addition to
medical marijuana.  Plaintiff testified that medical marijuana
helps with her pain and nausea and that she no longer takes
methadone.

Plaintiff testified that she periodically babysits her two
grandchildren.  Plaintiff testified that her boyfriend does the
cooking, and her son and daughter-in-law do the grocery shopping.
Plaintiff testified that she does not drive.  Plaintiff estimated
she could lift and carry 10 pounds, walk one block, stand for 30
minutes, and sit for 30 to 45 minutes.  Plaintiff testified that
she has difficulty going up and down stairs and that she is in
constant pain that she rates at a six or seven on a 10-point scale.

15 - OPINION AND ORDER

Plaintiff testified that she can lift a gallon of milk with her right arm, but not her left.   Plaintiff testified that she lies down with a heating pad on her shoulder for a couple of hours twice a day.

Plaintiff testified that she has PTSD and suffers from panic attacks three to five times each week, and that her attacks last from one to three hours. Tr. 36-38. Plaintiff is not in counseling for her mental health issues, and takes prescription anti-depressant and anti-anxiety medication.

In a July 15, 2010 Adult Function Report, plaintiff reported that she suffers severe intestinal pain and needs to rest after walking two blocks.  Plaintiff reported that following her attack in 1996, she suffers from chronic severe depression, PTSD, panic attacks, insomnia, and that she had a nine-month memory loss and continues to have difficulty remembering things.    Tr.  226. Plaintiff described that in a typical day, after waking, she makes coffee, watches television lying on the sofa, and takes medicine for pain and depression.  Plaintiff described that later in the day, she may perform small household chores, resting in between, takes pain pills, makes dinner and again watches television. Plaintiff stated that she can make quick, easy meals and is capable of all self-care.  Plaintiff also noted that she has poor dental health.   Tr. 233.

In a Pain and Fatigue Questionnaire, plaintiff reported experiencing stabbing, burning, and aching pains in her neck, back, legs, and intestines that is ongoing and severe, which is worsened with any activity.    Tr. 234.    Plaintiff also stated that she fatigues easily, and that she can only be active for two to three hours before needing to rest.    Tr. 234.

The ALJ identified two reasons for discrediting plaintiff: (1) plaintiff's allegations of pain and mental impairments are inconsistent with the medical evidence; and (2) her physical and mental limitations were adequately controlled with medications.

Based upon my careful review of the record, I conclude that the ALJ's reasoning falls far short of clear and convincing.    The ALJ's primary reason for discounting plaintiff's credibility relies upon an erroneous evaluation of the objective medical evidence from Dr. Spiller.    As discussed above, the ALJ erred in failing to adequately discuss Dr. Spiller's opinions that plaintiff suffered debilitating physical and mental limitations.

The ALJ's second reason, that her pain allegations and mental health allegations are controlled with medication also rests upon an inadequate evaluation of the medical opinion evidence as discussed above.    Because the ALJ's evaluation of the medical records was not supported by substantial evidence, the ALJ may not rely upon this reasoning to discount plaintiff's credibility.    *See* *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)

(inconsistency with medical evidence cannot be the sole ground to discount credibility).

Contrary to the Commissioner's argument, the errors in the ALJ's credibility determination are not harmless because the ALJ did not identify any other bases for the negative credibility assessment. *See Carmickle*, 533 F.3d at 1162-63 & n.4. (even if ALJ erred in relying on credibility factor, where remaining credibility factors still provide clear and convincing support backed by substantial evidence, error is harmless).

Because I find these errors by the ALJ to be dispositive, I decline to address plaintiff's remaining assigned errors.

## III. **Remand**

After finding the ALJ erred, this court applies a three part test to determine whether the case should be remanded for further proceedings, or to calculate and award benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2008); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when these three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020.

Where, after evaluating the record as a whole, there are serious doubts that the claimant is, in fact, disabled, the court may exercise its discretion and remand the case for further administrative proceedings. *Id.* at 1021; *Connett*, 340 F.3d at 876.

Plaintiff argues that when Dr. Spiller's opinion is credited, she is entitled to an award of benefits. Plaintiff also maintains that when her testimony that she suffers three to five panic attacks a week lasting one hour each is credited, combined with VE testimony that her panic attacks would preclude competitive employment, the record is fully developed and there are no outstanding issues that require resolution. I agree.

All the conditions of the credit-as-true rule are satisfied. First, as discussed above, the ALJ committed legal error in failing to discuss Dr. Spiller's multiple opinions and failed to identify which testimony of plaintiff's was credible and why.

Second, the record is fully developed. Plaintiff testified at the hearing that she was having panic attacks three to five days a week. Tr. 36-38. At the hearing, the VE was asked whether an individual who suffered from unpredictable panic attacks every other day lasting for an hour each could maintain full time employment, and the VE responded that competitive employment would be eliminated. Tr. 55-56. Therefore, the record is fully developed and further administrative proceedings are unnecessary.

Third, if plaintiff's testimony about her panic attacks is credited as true, the ALJ would be required to find plaintiff disabled at Step Five. *Garrison*, 759 F.3d at 1022; *Holohan v. Massanari*, 246 F.3d 1195, 1211 (9th Cir. 2001); *see Lingenfelter*, 504 F.3d at 1041 (crediting plaintiff's testimony as true combined with VE testimony established disability and remand for immediate payment of benefits was proper).

Lastly, considering the record as a whole and the Commissioner's arguments, I have no basis to doubt that when plaintiff's testimony is credited, that she is disabled under the Act. Indeed, plaintiff's testimony of frequent panic attacks is supported by the 2010 psychodiagnostic evaluation of Gale Smolen, M.D., whose evaluation the ALJ gave significant weight. In that evaluation, Dr. Smolen indicated that plaintiff suffered from "frequent" panic attacks, and that they were not controlled with medication. Tr. 393, 395. Dr. Smolen did not quantify the panic attacks, but did diagnose plaintiff with PTSD, and Panic Attacks with agoraphobia, noting that plaintiff has suffered from flashbacks, nightmares and heightened startle ability since 1996. Tr. 396. Moreover, Dr. Smolen's opinion is echoed by Dr. Spiller's treatment notes, which indicate that plaintiff was prescribed Clonazepam for her PTSD with panic attacks, and that she has suffered from significant PTSD since her attack in 1996. Tr. 293. An April 9, 2012 treatment note from Dr. Spiller reflects that

20 - OPINION AND ORDER

plaintiff reported that she was having panic attacks daily, and that she wished to return to counseling because medication was ineffective. Tr. 416-18.

In sum, plaintiff satisfies all three conditions of the credit as true rule, and a careful review of the record reveals no basis to doubt seriously that plaintiff has been unable to maintain full time employment since her alleged amended onset of disability. Therefore, the proper remedy is to remand for calculation of benefits. *Garrison*, 759 F.3d at 1022-23.

CONCLUSION

For the reasons stated above, the Commissioner's final decision partially denying benefits to plaintiff from March 24, 2008 to September 24, 2012 is REVERSED and this proceeding is REMANDED for an immediate calculation and award of benefits from March 24, 2008 through September 24, 2008.

IT IS SO ORDERED.

DATED this  12  day of AUGUST, 2015.

Malcolm F. Marsh
United States District Judge

21 - OPINION AND ORDER